UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JANET KRUG and MICHAEL KRUG,

    Plaintiffs,

v.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiffs, JANET KRUG and MICHAEL KRUG, by and through undersigned counsel, sue the Defendant, CELEBRITY CRUISES, INC., and hereby further state:

### PARTIES, JURISDICTION AND VENUE

1. This is an action seeking damages in excess of $75,000, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of diversity of citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. The action also arises under maritime law such that the Court has admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. This action is being filed in this Court pursuant to the terms and conditions in the passenger ticket contract issued by Defendant.

3. Plaintiffs, Janet Krug and Michael Krug, are both of the age of majority and citizens of the State of California.

4. Defendant, Celebrity Cruises, Inc. (hereinafter referred to as "Celebrity"), upon information and belief, is a foreign corporation, but maintains its principal place of business in Miami, Miami-Dade County, Florida.

5. Jurisdiction and venue are proper in the United States District Court for the Southern District of Florida, Miami-Dade County, under the terms of the Ticket Contract tendered by Defendant, Celebrity, to Plaintiffs, Janet Krug and Michael Krug.

## FACTUAL ALLEGATIONS

6. Plaintiffs, Janet Krug and her husband, Michael Krug, were fare-paying passengers and invitees on the vessel Celebrity Infinity for a cruise that departed from Buenos Aires, Argentina on January 3, 2016 and was scheduled to terminate in Valparaiso/Santiago, Chile on January 17, 2016. At all times material hereto, the vessel Celebrity Infinity was owned and operated by Defendant, Celebrity.

7. On January 16, 2016, while at sea, Plaintiff, Janet Krug, was in the Constellation Lounge on the Celebrity Infinity participating in a music trivia game organized and directed by the crew of the Celebrity Infinity wherein a crew member of Celebrity Infinity played songs and contestants had to identify the title of each song. Plaintiff, Michael Krug, was also in the Constellation Lounge watching the music trivia game.

8. Near the end of the music trivia game, several contestants were tied for the most points at which time Celebrity's crew member who was directing the game decided to have a final tie-breaker round. The crew member announced that he would lay a microphone on the edge of a raised stage located some distance from the contestants. Then, he would play a song,

and, if any contestant knew the title of the song, she should run up to the microphone to call out the answer and win the contest.

9. As Celebrity's crew member began to play the tie-breaker song, all of the contestants rushed toward the microphone at once causing a collision among the contestants wherein several contestants, including Plaintiff, Janet Krug, fell to the ground. Ms. Krug, fell forward, and her face and head struck the edge of the stage with great force.

10. As a result of her fall, Plaintiff, Janet Krug, sustained severe physical injuries, including but not limited to multiple blow-out facial fractures, a fractured palette, a traumatic brain injury, orthodontic injuries, a fractured hand, and back injury, as well as mental, emotional and psychological injuries. She was required to be air-lifted to a hospital on shore to undergo immediate surgery following the incident and has undergone additional surgeries since, with additional surgeries also to take place in the future.

## COUNT I – NEGLIGENCE

11. Plaintiffs hereby adopt, re-allege and incorporate herein by reference each and every allegation set forth above.

12. Defendant, Celebrity, owes a duty to exercise reasonable care for the safety of its passengers, including Plaintiff, Janet Krug. This includes the duty not to unreasonably create or cause a hazardous condition that, in turn, injures a passenger.

13. Defendant, Celebrity, breached its duty to Plaintiff, Janet Krug, by the following non-exclusive unreasonable and negligent acts and omissions by itself and/or its employees, agents and/or mandataries:

    a) Failing to exercise reasonable care in the planning and implementation of passenger activities such as the one at issue in this case;

      b)      Creating a dangerous and hazardous condition by setting rules and instructing passengers in a manner that was unsafe and led to passengers running into one another;

      c)      Failing to warn passengers of the potential hazards associated with the passenger activity at issue in this case that was planned and implemented by its crew;

      d)      Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

      e)      Failing to establish and implement proper and reasonable safety protocols for passenger activities such as the one at issue in this case;

      f)      Failing to properly train its employees in the proper and safe methods of conducting passenger activities such as the one at issue in this case;

      g)      Failing to comply with applicable standards, statutes and/or regulations for the safety of its passengers during the passenger activity at issue in this case.

14.    The aforementioned negligent and unreasonably dangerous condition was known to Defendant, Celebrity, because the condition was created by Defendant, Celebrity, and its employees, agents and/or mandataries.

15.    The aforementioned negligent and unreasonable acts and omissions of Defendant, Celebrity, and its employees, agents and/or mandataries actually and proximately caused the aforementioned incident and severe injuries to Plaintiff, Janet Krug.

16.    At all times material hereto, Plaintiff, Janet Krug, acted with reasonable care for her own safety and did not cause or contribute to the aforementioned incident.

17.    As a result of the aforementioned incident and injuries caused by the negligent and unreasonable acts and omissions of Defendant, Celebrity, and its employees, agents and/or mandataries, Plaintiff, Janet Krug, has suffered the following damages:

      a)      past physical pain and suffering;

      b)      future physical pain and suffering;

    c)    past mental anguish;

    d)    future mental anguish;

    e)    past emotional distress;

    f)    future emotional distress;

    l)    loss of enjoyment of life;

    g)    past medical expenses;

    h)    future medical expenses;

    i)    past lost wages;

    j)    future lost wages;

    k)    loss of earning capacity;

    l)    disability;

    m)    permanent impairment; and

    n)    any and all other damages that may become known and proven at the trial of this matter.

18.    As a result of the aforementioned incident and injuries to his wife, Janet Krug, caused by the negligent and unreasonable acts and omissions of Defendant, Celebrity, and its employees, agents and/or mandataries, Plaintiff, Michael Krug, has suffered a deleterious change in his relationship with his wife, Janet Krug, for which Michael Krug is entitled to recover the following damages:

    a)    Loss of consortium

    b)    Loss of support

    c)    Loss of society

    d)    Loss of love and affection

    e)    Loss of services of his spouse;

  f)  Mental anguish; and

  g)  any and all other damages that may become known and proven at the trial of this matter.

## COUNT II – VICARIOUS LIABILITY

19. Plaintiffs hereby adopt, re-allege and incorporate herein by reference each and every allegation set forth above.

20. At all times material hereto, the crew members of the vessel Celebrity Infinity, including those who organized and directed the aforementioned passenger activity leading to the incident at issue, were acting in their capacity as employees and/or agents and/or mandataries of Defendant, Celebrity, in furtherance of the interests and business enterprise of Defendant, Celebrity. Celebrity is vicariously liable for the negligent and unreasonable acts and omissions of its employees and/or agents and/or mandataries, as well as for the damages suffered by Plaintiffs, Janet Krug and Michael Krug, occasioned by them, in overseeing the exercise of the functions in which they are employed.

## DEMAND FOR JURY TRIAL

21. Plaintiffs, Janet Krug and Michael Krug, hereby demand a trial by jury of all issues triable as of right by a jury.

**WHEREFORE,** Plaintiffs, Janet Krug and Michael Krug, pray that the instant Complaint be deemed good and sufficient, and that after due proceedings are had and the expiration of all legal delays herein, that there be Judgment rendered against Defendant, Celebrity Cruises, Inc., and in favor of Plaintiffs, in an amount that fully compensates Plaintiff, Janet Krug, for past physical pain and suffering; future physical pain and suffering; past mental anguish, future mental anguish, past emotional distress, future emotional distress, loss of enjoyment of life, past medical expenses, future medical expenses, past lost wages, future lost

6

wages, loss of earning capacity, disability, permanent impairment, and any and all other damages that may become known and proven at the trial of this matter; and that fully compensates Plaintiff, Michael Krug, for loss of consortium, loss of support, loss of society, loss of love and affection, loss of services of his spouse mental anguish, and any and all other damages that may become known and proven at the trial of this matter; and that said sums be awarded with legal interest thereon from the date of filing until paid, for all costs of these proceedings, for a trial by jury, and for all general and equitable relief.

                                                Respectfully Submitted,

/s/ *Jonathan A. Heller*
Jonathan A. Heller (Florida Bar No. 340881)
Law Offices of Jonathan A. Heller, P.A.
Seybold Building
36 Northeast First Street, Suite 310
Miami, Florida 33132
Tel: (305) 372-5000
Email: Jonathan@jhellerlaw.com

Attorney for Plaintiffs, Janet Krug and Michael Krug