United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Janet Krug, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-22810-Civ-Scola |
| | ) | |
| Celebrity Cruises, Inc., Defendant. | ) | |

## **Order Denying Motion to Bifurcate**

Defendant Celebrity Cruises, Inc. ("Celebrity") has moved to bifurcate this matter for separate determinations of liability and damages. (Mot. to Bifurcate, ECF No. 25.) The Plaintiff opposes bifurcation. (Pls.' Opp., ECF No. 28.)

The Plaintiff brought this suit on June 29, 2016 for severe injuries that she sustained while on the Defendant's cruise ship. (Compl. ¶¶ 7-10, ECF No. 1.) Count One of the Complaint asserts a claim of negligence against Celebrity, and Count Two asserts a claim of vicarious liability against Celebrity for the negligence of its employees. (*Id.* ¶¶ 11-20.) The Plaintiff seeks past and future economic and non-economic damages. (*Id.*)

Celebrity seeks to bifurcate liability and damages in this matter because it asserts that "once a jury hears evidence of Plaintiff's severe injuries, it may be inclined to compensate Plaintiff for those injuries out of sympathy, clouding its judgment with respect to liability." (Mot. to Bifurcate at 4, ECF No. 25.) Celebrity notes that the "Plaintiff sustained severe and allegedly disfiguring injuries to her face resulting in her emergency evacuation from the Defendant's ship, facial reconstruction surgery, and treatment with numerous specialists which continues to the present day." (*Id.*) In addition, Celebrity asserts that bifurcation will minimize the time and expense of trial, because if a jury finds that Celebrity was not negligent, then evidence concerning damages would be irrelevant. (*Id.* at 5.) Finally, Celebrity asserts that there is little risk of overlapping evidence with respect to liability and damages. (*Id.* at 6-7.)

The Plaintiff opposes bifurcation because she asserts that it would increase the time and expense required to litigate this matter. (Pls.' Opp. at 9, ECF No. 28.) The Plaintiff is a California resident, and was required to file suit in Florida due to the forum selection clause in her ticket contract. (*Id.*) She asserts that the necessity of litigating two trials in Florida would result in great expense and inconvenience, because both she and her treating physicians, most

of whom are in California, would have to travel to Florida for both trials. (*Id.* at 9-10.) The Plaintiff asserts that there would be a great deal of overlapping witnesses and testimony. (*Id.* at 10-11.) Finally, the Plaintiff argues that there is nothing special about the circumstances of this case that warrants bifurcation. (*Id.* at 7.)

As set forth in Federal Rule of Civil Procedure 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Rule 42(b) "confers broad discretion on the district court," permitting bifurcation when it furthers convenience. *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 311 F.R.D. 685, 686 (M.D. Fla. 2015) (quoting *Harrington v. Cleburne Cty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001)); *see also Brown v. Toscano*, 630 F.Supp.2d 1342, 1345 (S.D. Fla. 2008) (Seltzer, J.) (quoting *Innovative Office Prods. v. Spaceco, Inc.*, No. 05–04037, 2006 WL 1340865, at *1 (E.D. Pa. 2006) (the decision of whether to bifurcate a trial is "subject to an informed discretion by the trial judge in each instance.")). "The predominant consideration is a fair and impartial trial 'through a balance of benefits and prejudice.'" *Gilbert*, 311 F.R.D. at 686 (quoting *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F.Supp.2d 1333, 1334 (M.D. Fla. 2006). The party seeking bifurcation bears the burden of demonstrating that bifurcation would serve judicial economy, avoid inconvenience, and not prejudice any of the parties. *Brown*, 630 F.Supp.2d at 1345 (internal quotations and citations omitted).

Considering the possible prejudices, the conveniences, and the judicial economies at issue, the Court finds that bifurcation is not warranted. Although bifurcation would promote judicial economy if a jury finds that Celebrity is not liable for negligence, it would result in unnecessary delay if Celebrity is found to be liable. *See Brown*, 630 F.Supp.2d at 1347 (quoting *Real v. Bunn-O-Matic, Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000) ("Even if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay.") The Defendant has not shown that the injuries in this case present a special or unique risk of prejudice such that any risk outweighs the additional inconvenience, expense, and delay that would result from bifurcation.

Under the Defendant's theory, every personal injury case that involves severe injuries should be bifurcated into two trials. District courts in the Eleventh Circuit have noted that a civil case "almost always involves the dual issues of liability and damages. Following [Defendants'] argument to its logical conclusion, every civil trial should therefore be conducted in two phases. . . .

Clearly, this is an untenable proposition." *Campbell v. Pirelli Tire, LLC*, No. 12-21153, 2013 WL 12092519, at *2 (S.D. Fla. Feb. 12, 2013) (Rosenbaum, J.) (quoting *Dzafic v. Geovera Specialty Ins. Co.*, No. 08-cv-0026, 2008 WL 3874602, at *1 (M.D. Fla. Aug. 15, 2008)).

Accordingly, the Court finds that bifurcation is not warranted, and Celebrity's motion to bifurcate (**ECF No. 25**) is **denied**.

**Done and ordered** at Miami, Florida on April 12, 2017.

Robert N. Scola, Jr.
United States District Judge